UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC.,,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHN H. RASNICK, et al.,<br><br>　　　　Defendants. | Case No.  13-cv-02744-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>[Re: Dkt. No. 53] |

Before the Court is Defendants' May 28, 2014 administrative motion to file under seal their Amended Answer, Statement of Additional Defenses and Counterclaims. (ECF 53) Defendants seek to seal a document that references contractual agreements designated by stipulation between the parties as confidential or proprietary (*Id.*) Defendants submit a single declaration in support of the requested sealing. ("Johanson Decl.," ECF 53-1) Because Defendant's declaration does not articulate a compelling reason to seal the document, the Court DENIES the administrative motion without prejudice, and grants Defendant leave to amend to supplement the declaration with necessary facts.

Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal documents, a "compelling reasons" standard, which applies to most judicial records, and a "good cause" standard, which applies to "private materials unearthed during discovery." *Cf. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). This standard requires the party meet a lower burden, recognizing a lesser "cognizable public interest in . . . documents produced between private litigants." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009).

1    An Amended Answer is neither a discovery document nor a dispositive motion, but the
2    Court believes its status more closely resembles that of a dispositive motion. Thus, a party seeking
3    to seal an Amended Answer must show a compelling interest that outweighs the public's general
4    right to inspect such documents.

5    In this case, the sole declaration filed with Defendants' administrative motion meets
6    neither the good cause nor compelling interest standard, as Defendants cite no facts to the Court
7    regarding the reasons the agreements in question are confidential. The Johanson Declaration,
8    which includes only three paragraphs, stated only that "the proposed Amended Answer . . . refers
9    to certain contractual agreements by the parties, which have been designated as 'Confidential' or
10   'Proprietary' pursuant to a Stipulation." (Johanson Decl., ECF 53-1 ¶ 3) The mere fact the parties
11   believe the documents to be confidential or proprietary does not establish for the Court why such
12   information should be sealed, overriding the public's general right to inspect documents. Though
13   the Court recognizes that the Defendants have filed a public, redacted version of the proposed
14   Amended Answer, and have narrowly tailored their request for sealing, they still must provide the
15   Court some reason for the confidentiality of the documents, beyond just the agreement of the
16   parties. *Phillips*, 307 F.3d 1206, 1213.

17   The Court has been provided a declaration by Plaintiff's counsel, (Bea Decl., ECF 58-1),
18   which articulates specific reasons why the agreements should be kept confidential. The Court
19   believes that the reasons proffered in the Bea Declaration are sufficient to meet the "compelling
20   interest" standard. The Court believes that there are facts that, while not included in Defendants'
21   Johanson Declaration, would support the administrative motion to seal. If Defendants concur with
22   the rationale offered in Plaintiff's Declaration, they should so advise the Court. Defendants may
23   also wish to file a supplemental declaration to state additional reasons by which the document
24   should be sealed as requested in the administrative motion. But without such information before
25   the Court, the Court DENIES without prejudice Defendants administrative motion to seal.

**IT IS SO ORDERED.**

Dated: June 18, 2014

_____
HON. BETH LABSON FREEMAN
United States District Judge