UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN H. RASNICK, et al.,<br><br>    Defendants. | Case No. 13-cv-02744-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF ITS (1) OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER, AND (2) DECLARATION IN SUPPORT OF PLAINTIFF'S OPPOSITION** |

      Before the Court is Plaintiff's June 11, 2014 Administrative Motion to file under seal portions of its Opposition to Defendants' Motion for Leave to File an Amended Answer ("Motion"), (ECF 58), and portions of its supporting papers, pursuant to Civil Local Rule 79-5(d). Plaintiff seeks to seal: (1) portions of its Opposition (ECF 58-4), as well as (2) portions of the Declaration of Renee B. Bea in Support of Plaintiff's Opposition (Opp. Decl., ECF 58-6), filed concurrently therewith, that reference contractual agreements designated by stipulation between the parties as confidential or proprietary. (*Id.*) Plaintiff submits a declaration in support of the requested sealing ("Bea Decl."). (ECF 58-1) Because Plaintiff's declaration offers a compelling reason to seal portions of the Opposition and portions of the Declaration in Support of Plaintiff's Opposition, the Court GRANTS the Motion.

      Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal documents, a "compelling reasons" standard, which applies to most judicial records, and a "good cause" standard, which applies to "private materials unearthed during discovery." *Cf. Phillips ex rel. Estates of Byrd v.*

1    *Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). This standard requires the party meet a

2    lower burden, recognizing a lesser "cognizable public interest in . . . documents produced between

3    private litigants." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009).

4      An Opposition to an Amended Answer is neither a discovery document nor a dispositive

5    motion, but the Court believes its status more closely resembles that of a dispositive motion. Thus,

6    a party seeking to seal portions of such an Opposition, and portions of any supporting documents,

7    must show a compelling interest that outweighs the public's general right to inspect such

8    documents.

9      In this case, the declaration filed with Plaintiff's Motion meets the compelling interest

10   standard. Plaintiff cites facts to the Court regarding the reasons the agreements in question are

11   confidential above and beyond the mere fact that the parties themselves have designated the

12   documents as "Confidential" or "Proprietary." The declaration states that the disclosure of such

13   agreements "would create a risk of economic or other harm . . . by enabling third parties to

14   capitalize on the confidential and/or proprietary information contained therein." (Bea Decl., ECF

15   58-1 ¶ 3) It further notes that Plaintiff "carefully guards its confidential and proprietary

16   information . . . and restricts access to only those CVT personnel who have a need to know such

17   information and who agree to maintain the secrecy of the same." (*Id.*) The Court believes that

18   these facts, coupled with the agreement between the parties to designate such information as

19   confidential and proprietary, meets the "compelling interest" standard necessary to outweigh the

20   public's right of access. *See Phillips*, 307 F.3d 1206, 1213.

21     Plaintiff has filed with the Court a public, redacted version of both the proposed

22   Opposition to the Amended Answer, (ECF 58-3), and the Declaration in Support of Plaintiff's

23   Opposition, (ECF 58-5), consistent with Civil Local Rule 79-5(d)(1)(C), and seeks only to seal the

24   information related to the documents containing confidential and proprietary information. As such,

25   their request is appropriately narrowly tailored.

26     For the foregoing reasons, the Court GRANTS Plaintiff's Administrative Motion to Seal,

27   and permits Plaintiff to file under seal the portions so designated of both its Opposition to

28   Defendants' Motion to File an Amended Answer, and Declaration of Renee B. Bea in Support of

United States District Court
Northern District of California

Plaintiff's Opposition.

**IT IS SO ORDERED.**

Dated: July 9, 2014

_____
BETH LABSON FREEMAN
United States District Judge

3