UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>JOHN H. RASNICK, et al.,<br><br>  Defendants. | Case No. 13-cv-02744-BLF<br><br>**ORDER**<br>**(1) GRANTING PLAINTIFF'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF DEFENDANTS' PROPOSED AMENDED ANSWER, STATEMENT OF ADDITIONAL DEFENSES, AND COUNTERCLAIMS;**<br>**(2) DENYING PLAINTIFF'S MOTION FOR COSTS** |

On May 28, 2014, Defendants filed a Motion to File Under Seal their Proposed Amended Answer, Statement of Additional Defenses, and Counterclaims ("Def.'s Mot. to Seal"). (ECF 53) On June 18, 2014, the Court denied that Motion, without prejudice, for failure to articulate a compelling reason as to why the portions of the document should be sealed, pursuant to *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). (*See* Order on Def.'s Mot. to Seal, ECF 60 at 2) The Court noted in its Order that though Defendants had provided the Court with insufficient reasons to seal the portions of the document, (*id.*), the Plaintiff, in its own Motion to Seal granted by the Court on July 9, 2014, (Pl.'s First Mot. to Seal, ECF 58), had provided the Court with a declaration ("the Bea Declaration") which articulated specific reasons as to why the agreements in question were confidential, and which were sufficient for this Court to seal portions of documents filed by Plaintiff. (ECF 60 at 2; *see also* Order on Pl.'s First Mot. to Seal, ECF 61 at 2)

The Court informed Defendants that, if they wished to re-file their Motion to Seal, they could either file with the Court a supplemental declaration stating additional reasons for sealing, or a document stating that they agreed with the rationale offered for sealing by Plaintiff in the Bea

Declaration. (ECF 60 at 2) Defendants did not re-file their Motion to Seal following the Court's Order.

Now, in light of Defendants' failure to re-file their Motion to Seal, Plaintiff brings a Motion to Seal the portions of Defendants' Proposed Amended Answer, Statement of Additional Defenses, and Counterclaims, ("Pl.'s Second Mot. to Seal"), which Defendants originally sought to be sealed in their unsuccessful Motion to Seal.

Plaintiff states that, upon receipt of the Court's June 18, 2014 Order denying Defendants' Motion to Seal, that Plaintiff's counsel contacted Defendants "to request that Defendants either concur with Plaintiff's declaration or file a supplemental declaration, as suggested by the Court." (ECF 64 at 3) After Defendants took no action, on July 2, 2014 Plaintiff's counsel reiterated this request by email, (ECF 64 Exh. A), and Defendants' counsel responded that they would "file next week" a document with the Court. (*Id.*) In the four weeks that have elapsed since this correspondence with Plaintiff's counsel, Defendants' counsel has not filed any such document.

Plaintiff now requests that the Court seal the portions of the document as initially requested by Defendants, so as "to ensure that Defendants' inaction does not result in unauthorized public disclosure of CVT's proprietary materials." (ECF 64 at 3) Plaintiff's counsel further requests that the Court reward them the costs they incurred in filing this Motion to Seal.

In this case, both parties have designated the information sought to be sealed in the Proposed Amended Answer as proprietary or confidential. (*See* Johanson Decl., ECF 53-1; *see also* Bea Decl., ECF 58-1) Defendants simply failed to provide the Court with sufficient "compelling reasons" to seal. Plaintiff, however, has done so through the Bea Declaration. The attempt to seal the document is narrowly-tailored, pursuant to Civil Local Rule 79-5(d)(1)(B), as a redacted version has also been filed with the Court. As such, the Court GRANTS Plaintiff's Motion to File Under Seal Portions of Defendants' Proposed Amended Answer, Statement of Additional Defenses, and Counterclaims, as defined by Defendants in their original Motion to Seal. (ECF 60)

The Court declines to award Plaintiff costs with regard to the filing of this Motion. The Court has reviewed paragraph 13.3 of the Protective Order entered in this case, (ECF 42 at 19),

and determines that, although the Order appears to require the party seeking to file Protected Material to request a sealing order, which Defendants did, there is no requirement that, upon denial of that request, the party submit additional evidence. The Court appreciates Plaintiff's frustration, but sanctions are not warranted here. Plaintiff's Motion for Costs is DENIED.

**IT IS SO ORDERED.**

Dated: July 30, 2014

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　BETH LABSON FREEMAN
　　　　　　　　　　　　　　　　　　　　United States District Judge