UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> JOHN H. RASNICK, et al., <br> Defendants. | Case No. 13-cv-02744-BLF <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER, STATEMENT OF ADDITIONAL DEFENSES, AND COUNTERCLAIMS** <br><br> [ECF 52] |

Plaintiff brings suit against Defendants, alleging in its First Amended Complaint various claims for tortious interference, unfair competition, and breach of contract, arising from a dispute over an agreement to develop and sell a product called "The BarMaster," described as an inventory-control system for purveyors of beverages in the hospitality industry.

Defendants seek leave of Court to file an Amended Answer, Statements of Additional Defenses, and Counterclaims (ECF 52), which Plaintiff opposes. (ECF 57) The Court designated this matter as suitable for determination without oral argument, pursuant to Civil Local Rule 7-1(b). After reviewing the papers and governing law, the Court GRANTS Defendants' Motion.

**I.    BACKGROUND**

Plaintiff filed its initial Complaint in this action on June 14, 2013. (ECF 1) Following Defendants' initial Answer on September 20, 2013 (ECF 20), the parties stipulated to grant Plaintiff leave to file a First Amended Complaint ("FAC"), which Plaintiff filed on March 19, 2014. (ECF 37) Defendants answered this FAC on April 7, 2014. (ECF 39)

This case was transferred to the undersigned judge on April 17, 2014. On May 14, 2014, at a Case Management Conference, the Court granted Defendants until May 28, 2014 to file a Motion to Amend their Answer. (ECF 50) Defendants timely filed their Motion on that date. (ECF

52) The proposed Amended Answer seeks to add counterclaims arising from a Confidential Agreement which is the subject of the fifth cause of action in the FAC.[1] Plaintiff filed an Opposition to Defendants' Motion for Leave on June 14, 2014. (ECF 58)

## II. DISCUSSION

### 1. Rule 16 Governs This Motion

The parties disagree as to whether Rule 15 or Rule 16 governs this Motion for Leave to Amend. Defendants argue that Rule 15 should govern the Motion. Rule 15(a) provides that leave to amend should be "freely given when justice so requires." Plaintiff argues that Rule 16 should be applied here, demanding a heightened "good cause" requirement for any amendment. In support of this argument, Plaintiff cites Judge Davila's prior Case Management Order (ECF 26), issued on January 8, 2014, which permitted amendment only within sixty days of that Order, and stated that "[a]mendments sought after the deadline must comply with Federal Rule of Civil Procedure 16." (*Id.* at 1) The Court agrees with Plaintiff, and finds that Rule 16 governs this Motion, as this Court has not altered Judge Davila's Case Management Order. *See Zamora v. City of San Francisco*, 2013 WL 4529553, at *2 (N.D. Cal. Aug. 26, 2013) (finding that Rule 16's more stringent rules govern attempts to amend "after the deadline set forth in a court's scheduling order"); *see also Pierce v. Sprouts Café, Inc.*, 2010 WL 3069312, at *1 (E.D. Cal. Aug. 3, 2010) ("Once the Court has entered a pretrial scheduling order, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings.").

As such, the Court will analyze Defendants' Motion under Rule 16's requirements.

### 2. Under Rule 16, the Motion Should Be Granted, Because Defendants Have Shown Good Cause for Amendment

Unlike Rule 15(a)'s liberal policy toward amendment, "which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party," *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992), Rule 16's "good cause" standard

---

[1] All references to the identity of this Agreement in the FAC and proposed Amended Answer have been filed under seal, thus, this Agreement will be identified in this Order as the "Confidential Agreement." (*See* ECF 61, 67)

"primarily considers the diligence of the party seeking amendment." *Id.*; *see also* Fed. R. Civ. P. advisory committee's notes (1983 amendments). "If the moving party was not diligent, the inquiry should end." *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). A party can show good cause by showing:

> (1) that it was diligent in assisting the court in creating a workable Rule 16 order; (2) that its noncompliance with a [R]ule 16 deadline occurred or will not occur, notwithstanding its diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that it was diligent in seeking amendment of the Rule 16 order, once it became apparent that it could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Contrary to Plaintiff's argument that Defendants have not been diligent in seeking amendment, the record reveals that Defendants have met their burden to show good cause. Plaintiff states that Defendants "have for years known the facts underpinning their proffered amendments and yet elected not to assert claims until now" (Opp. to Mot. for Leave at 6), thus, Plaintiff argues, Defendants have not shown the necessary diligence. The Court disagrees. Diligence should be evaluated in light of the time when this particular Confidential Agreement became the subject of this lawsuit and the promptness, thereafter, of Defendants' proposed amendment.

The record reveals that Plaintiff's initial Complaint did not allege any claims arising out of the Confidential Agreement. On March 19, 2014, Plaintiff filed its FAC, charging breach of the Confidential Agreement in its newly asserted fifth cause of action. (ECF 37) Defendants answered the FAC on April 7, 2014 (ECF 39), and ten days later the case was reassigned to the undersigned. At the Court's first Case Management Conference, held on May 14, 2014, the Court granted Defendants' request for time to file a motion for leave to amend the answer and assert new counterclaims. (ECF 50) Two weeks later, on May 28, 2014, Defendants timely filed the instant Motion. It is notable that Plaintiff obtained leave to file its FAC by stipulation of Defendants (*see* ECF 33), but Plaintiff has not chosen to extend to Defendants the same consideration in granting

3

leave to amend the Answer.

On this set of facts, it appears clear to the Court that Defendants acted with diligence in seeking leave to amend their Answer. Regardless of whether they knew of the facts giving rise to their allegations that Plaintiff breached the Confidential Agreement at a prior time, no lack of diligence can be attributed to Defendants' decision to forebear such claims absent assertion of breach of that Agreement by Plaintiff. Once Plaintiff charged Defendants with breach of the Confidential Agreement, it was a mere matter of weeks until Defendants sought leave of Court to file their counterclaims. Based on the foregoing, the Court determines that Defendants have been reasonably diligent in seeking amendment in compliance with Rule 16.

The Court further finds that granting Defendants the opportunity to amend will not prejudice Plaintiff. Discovery in this matter is nascent, and the parties' trial date is nearly a year away. (ECF 50; *see also* Mot. for Leave at 4-5) Courts have held that a need to reopen or delay discovery "supports a district court's finding of prejudice from a delayed motion to amend," *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999), but the Court sees no such need in this case. Further, that Plaintiff has based its litigation strategy on a prior Answer (*see* Opp. to Mot. for Leave at 9-10), does not in and of itself show prejudice toward Plaintiff. *See Burton v. United States*, 199 F.R.D. 194, 199 (S.D. W.Va. 2001) (granting leave to amend where discovery had not yet closed, and finding no prejudice, despite the fact that "plaintiffs' counsel ha[d] spent considerable hours preparing his case based on the original answer"). Defendants filed their Answer to the FAC on April 7, 2014, and sought leave to amend on May 28, 2014. (ECF 52) The seven weeks in which Plaintiff may have based its strategic decisions on Defendants' Answer simply does not rise to the level necessary to bar Defendants from amending, for the first time, to assert counterclaims based on the Confidential Agreement in the FAC's fifth cause of action.

Plaintiff finally alleges that Defendants' proposed amendment is "subject to immediate dismissal and therefore futile." (Opp. to Mot. for Leave at 3) Plaintiff contends that it "cannot reasonably be disputed" that Defendants breached the Confidential Agreement in question, and as such, "in light of their anticipatory breach, Defendants are precluded from seeking relief for any

4

purposed breach [by Plaintiff.]" (*Id.*)

The Court is unwilling to find that Defendants' counterclaims are "utterly meritless" at this stage. *See Collaboration Properties, Inc. v. Tandberg ASA*, 2006 WL 2398762, at *3 (rejecting amendment to an answer when the claims were "utterly meritless"). Plaintiff's Opposition cites no case law and only a single statute for their proposition that the counterclaims lack merit. (*See* Opp. to Mot. for Leave at 8-9) This minimal analysis, coupled with a blanket assertion that there can be no dispute as to Defendants' breach, is insufficient to prove futility. The proposed counterclaims concern breach of the same Confidential Agreement as does the Plaintiff's newly-asserted fifth cause of action. Determining whether or not such counterclaims are meritless is more appropriately considered through a motion to dismiss or a motion for summary judgment.

## III. CONCLUSION

Based on the foregoing, the Court finds that Defendants have shown the necessary "good cause" required by Rule 16's more stringent standards for amendment. As such, the Court GRANTS Defendants' Motion for Leave to File an Amended Answer, Statements of Additional Defenses, and Counterclaims. Defendants shall file the Amended Answer on or before September 15, 2014.

**IT IS SO ORDERED.**

Dated: September 3, 2014

BETH LABSON FREEMAN
United States District Judge

5