UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC.,,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN H. RASNICK, et al.,<br><br>　　　　　Defendants. | Case No.  13-cv-02744-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO FILE DOCUMENT UNDER SEAL** |

      Before the Court is Plaintiff's administrative motion to file under seal portions of its Answer and Statement of Additional Defenses in Response to Defendants' Counterclaims ("Answer to Counterclaims"), pursuant to Civil Local Rule 79-5(b). Plaintiff submits a declaration in support of the requested sealing, the Bea Declaration, which offers compelling reasons to grant the requested sealing. As such, the Court GRANTS Plaintiff's Motion.

      Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern motions to seal documents, a "compelling reasons" standard, which applies to most judicial records, and a "good cause" standard, which applies to "private materials unearthed during discovery." *Cf. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). The "compelling reasons" standard governs pleadings filed with the Court, and thus applies here. *See id.*

      The Bea Declaration states that Plaintiff's Answer to Counterclaims references confidential contractual agreements, the public disclosure of which could cause economic harm to Plaintiff by allowing third parties to "capitalize on the confidential and/or proprietary information contained therein." Bea Decl., ECF 87-1 ¶ 4. This Court has previously granted Plaintiff's administrative

motions to file documents under seal when those documents have referenced such confidential contractual agreements. *See, e.g.*, ECF 67. The Court finds that the showing in the Bea Declaration is sufficient to meet the compelling reasons standard necessary to outweigh the public's general right of access to the information contained in Plaintiff's Answer to Counterclaims. *See, e.g.*, *Phillips*, 307 F.3d 1206, 1213.

Plaintiff has filed with the Court a public, redacted version of the proposed Answer to Counterclaims, consistent with Civil Local Rule 79-5(d)(1)(C). The Court finds its request to be appropriately narrowly tailored.

For the foregoing reasons, the Court GRANTS Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated: September 30, 2014

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge