UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC.,,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN H. RASNICK, et al.,<br><br>    Defendants. | Case No.  13-cv-02744-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE IMPLEADER, OR, IN THE ALTERNATIVE, TO JOIN PARTIES**<br><br>[Re: ECF 123] |

This suit concerns a dispute over an agreement to develop and sell a product called "The BarMaster," a beverage inventory control system. Plaintiff CVT contends that Defendants conspired with a group of rogue CVT employees to wrest control from then-existing management, and allege claims for tortious interference with contract, unfair competition, civil conspiracy, and breach of contract.

Defendants now move for leave to file a third party complaint for indemnification against three proposed Third Party Defendants under Federal Rule of Civil Procedure 14(a), or, in the alternative, to join those parties as defendants under Federal Rules of Civil Procedure 19 and 21.[1] Plaintiff opposes on all grounds. The Court finds this motion appropriate for resolution without oral argument, *see* Civil L.R. 7-1(b), and for the reasons provided below DENIES Defendants' motion.

---

[1] In their motion, Defendants originally sought permissive joinder through Rule 20. However, as Plaintiff correctly points out in opposition, Rule 20 "is a rule by which plaintiffs decide who to join as parties and is not a means for defendants to structure the lawsuit." ECF 132 at 14 (citing *United States v. Bigley*, 2014 WL 6801764, at *8 (D. Ariz. Dec. 3, 2014)). Defendants in reply then ask the Court to exercise its discretion to order the proposed third party defendants joined under Rule 21. *See* ECF 133 at 9.

## I.   PROCEDURAL BACKGROUND

Plaintiff filed its original complaint on June 14, 2013, and Defendants answered on September 20, 2013. Thereafter, on January 8, 2014, Judge Edward Davila, to whom this case was previously assigned, entered a case management order setting March 10, 2014 as the deadline for joinder of additional parties. *See* ECF 26.

Plaintiff filed its FAC on March 10, 2014. Defendants answered the FAC on April 7, 2014. After this case was reassigned to the undersigned, Defendants sought leave of Court to amend their answer to assert counterclaims, though they did not at this time attempt to assert claims against any third party defendant. The Court granted Defendants' motion for leave, and Defendants filed their amended answer on September 15, 2014. Plaintiff answered Defendants' counterclaims on September 29, 2014.

On October 24, 2014, the Court modified the case schedule at Plaintiff's request, extending fact discovery and other deadlines. At the hearing on Plaintiff's request to modify the schedule and stay discovery, the Court made clear that it would make no further modifications to the discovery or trial schedule. *See* Tilley Decl. Exh. B. at 16 (a copy of the hearing transcript) (in which the Court notes that Defendants, who were planning to obtain new counsel, "need[ed] to understand that it's a firm trial date with a firm discovery schedule in place").

This motion followed on December 28, 2014. After briefing, the motion was set for oral argument on March 26, 2015, which the Court vacated upon its determination that this motion was suitable for disposition without oral argument.

## II.   LEGAL STANDARDS

### A.   Rule 14

Federal Rule of Civil Procedure 14 permits a party to bring a third party complaint against any "nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). If more than fourteen days have passed since the service of the defendant's (and would-be third party plaintiff's) original answer, however, the party "must, by motion, obtain the court's leave" to file such a third party complaint. *Id.* Whether to grant leave in such a circumstance is "within the sound discretion of the trial court." *Helferich Patent Licensing, LLC v. Legacy*

2

1  *Partners, LLC*, 917 F. Supp. 2d 985, 988 (D. Ariz. 2013) (citing *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983)). The purpose of Rule 14 is to promote judicial efficiency. *See, e.g.*, *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986).

In determining whether to grant leave, the Court must consider several factors: the timeliness of the motion, whether impleader is likely to delay trial, and whether impleader would prejudice the original Plaintiff. *See, e.g.*, *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000). It must also consider whether impleader would disadvantage the existing action by "complicating and lengthening the trial, or introducing extraneous questions." *Sw. Adm'rs* at 777.

### B. Rule 19

Rule 19 governs compulsory joinder of parties, demanding that the Court order parties joined when, "in that person's absence, the court cannot accord complete relief among existing parties," Fed. R. Civ. P. 19(a), or when a party "claims an interest in the subject of the action, and the disposition of the action may 'as a practical matter impair or impede his ability to protect that interest.'" *Eldridge v. Carpenters 46 N. Calif. Cnties. Joint Apprenticeship & Training Cmte.*, 662 F.2d 534, 536 (9th Cir. 1982). Courts should consider "the practical effects of joinder" when determining if complete relief can be afforded in a defendant's absence. *See id.*

### C. Rule 21

Rule 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. Rule 21, however, "cannot furnish standards for the propriety of joinder, for it contains none." *Pan Am. World Airways, Inc. v. U.S. Dist. Court for the Cent. Dist. of Calif.*, 523 F.2d 1073, 1079 (9th Cir. 1975). Thus, courts look to the standards articulated in Rules 19 and 20 to determine whether parties should be joined pursuant to Rule 21. *See id.*

### III. DISCUSSION

Defendants seek to file a third party complaint against three individuals, or otherwise join these individuals as parties to this action: Joy Mackell, Joe Marvin Myerchin, and Bruce Reynolds (hereinafter "proposed Third Party Defendants"). Defendants argue that these proposed Third Party Defendants are described by Plaintiff in the FAC as the alleged ringleaders of the conspiracy

1   which gives rise to this suit. *See* Mot., ECF 123 at 2. Defendants contend that they "are entitled to
2   indemnification from [the proposed] Third Party Defendants, in whole or part, as a result of Third
3   Party Defendants' alleged actions." *Id.* at 3.
4       Plaintiff opposes Defendants' requests for a number of reasons. First, it argues that
5   Defendants' request to expand the scope of this case is subject to the requirements of Rule 16,
6   which demands Defendants show good cause to amend the pleadings or join parties after the
7   deadline for such amendment has passed. Plaintiff argues that Defendants cannot meet Rule 16's
8   good cause standard. Second, it argues that Defendants should be barred from filing their third
9   party complaint under Rule 14 because such a new pleading would prejudice Plaintiff, delay trial,
10  complicate the issues presented at trial, and is brought in bad faith. Third, it argues that the
11  proposed Third Party Defendants are not necessary parties, and are thus not subject to joinder
12  under Rule 19.
13      The Court considers each of these arguments in turn.
14  **A.    Rule 16 and "Good Cause" for Amendment**
15      On January 8, 2014, a scheduling order was issued in this case. *See* ECF 26. This order
16  stated that "the deadline for joinder of any additional parties, or other amendments to the
17  pleadings, is sixty days after entry of this order. . . . Amendments sought after the deadline must
18  comply with Federal Rule of Civil Procedure 16." *Id.* at 1. This Court previously held, in regard to
19  Defendants' prior motion for leave to amend the answer, that any further amendment must comply
20  with Rule 16 because it "has not altered Judge Davila's Case Management Order." ECF 75 at 2.
21      After a scheduling order is issued in a case, Rule 16(b) states that the order may be
22  modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also*
23  *Zamora v. City of San Francisco*, 2013 WL 4529553, at *2 (N.D. Cal. Aug. 26, 2013). The good
24  cause inquiry is an exacting one, and "primarily considers the diligence of the party seeking the
25  amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Courts
26  have repeatedly held that "[i]f the moving party was not diligent, the inquiry should end."
27  *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (citing *Zivkovic v. S.*
28  *Calif. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)). A party establishes good cause by

4

showing:

> (1) [T]hat it was diligent in assisting the court in creating a workable Rule 16 order; (2) that its noncompliance with a [R]ule 16 deadline occurred or will not occur, notwithstanding its diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that it was diligent in seeking amendment of the Rule 16 order, once it became apparent that it could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Here, Plaintiff argues that Defendants have not acted diligently because the original complaint, filed in June 2013, repeatedly identified the proposed Third Party Defendants and asserted claims for tortious interference and conspiracy that included actions undertaken by the proposed Third Party Defendants. *See* Compl., ECF 1 ¶¶ 26, 28, 30, 32. Plaintiff contends that Defendants had numerous opportunities to assert claims against the proposed Third Party Defendants but elected not to, and therefore have not been diligent. In response, Defendants argue that they sought to implead the proposed Third Party Defendants within several weeks of their new counsel, Michael Crosby, entering this action and reviewing documents. *See* Reply at 4-5.

The Court agrees with Plaintiff that Defendants have not shown diligence, and should not be permitted to amend under Rule 16's requirements. "The good cause standard typically will not be met where the party . . . has been aware of the facts and theories supporting amendment since the inception of the action." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The fact that Defendants have engaged new counsel in the litigation does not change the fact that these proposed Third Party Defendants, and the Plaintiff's allegations against them, have been known to Defendants for over eighteen months. *See, e.g.*, *Assoc. of Apartment Owners of Imperial Plaza v. Fireman's Fund Ins. Co.*, 2013 WL 2156469, at *3 (D. Haw. May 16, 2013) ("The defendants may not simply ignore the lack of diligence of their former counsel on this score and shift the focus to the diligence of their new counsel.") (citing *Harshaw v. Bethany Christian Servs.*, 2010 WL 8032038 (W.D. Mich. 2010)). Defendants have had multiple opportunities in this litigation to assert claims against the proposed Third Party Defendants and have elected not to do so, despite Plaintiff including allegations against them since the outset of the suit. *See, e.g.*, Compl. ¶¶ 28, 30. Defendants therefore have not shown good cause for the

5

1  Court to grant leave under Rule 16. *See Johnson* at 609 ("If th[e] party was not diligent, the
2  inquiry should end.").
3  Even if Defendants had shown the necessary diligence, however, the Court briefly
4  addresses below the reasons why their motion for impleader or joinder would have been denied.

**B.     Rule 14**

A court considers several factors when determining whether to permit impleader under Rule 14, including timeliness of the motion, prejudice to the plaintiff, complication of issues at trial, likelihood of trial delay. *See, e.g.*, *Irwin*, 94 F. Supp. 2d 1052, 1056.

Rule 14(a) expressly permits adding third party defendants to an action within fourteen days of filing the *original* answer; after that deadline, parties must seek leave of court. *See Helferich*, 917 F. Supp. 2d at 988-89. Here, Defendants' original answer was filed in September 2013, nearly 15 months before this motion was filed. Faced with a shorter delay than here, the court in *Helferich* denied a motion for leave to implead. In that case, the defendant filed its motion ten months after its original answer, and five months after plaintiff filed an amended complaint. The Court stated:

> Nissan did not file its Motion to implead until more than five months after Helferich filed its amended complaint, which should have erased any doubt that the activities of the social media companies [which defendant sought to implead] were central to Helferich's allegations. Because Nissan has had notice of the nature of these claims—and of the role that the social media companies play in them—for many months and delayed in filing its Motion, the Motion is untimely.

*Id.* at 989.

Beyond the untimeliness of the motion, a third party complaint would prejudice Plaintiff by almost assuredly delaying trial, which is scheduled to begin in less than three months. Defendants concede in reply that a "short trial continuance" is possible, if not a near certainty, if this motion is granted. *See* Reply, ECF 133 at 5. But the new Third Party Defendants would need time to obtain counsel, respond to the Third Party Complaint, and engage in discovery and motion practice – making a short delay the best-case scenario. Further, the issues raised by these parties could complicate trial in this action. The factors outlined in *Irwin* all counsel against granting

6

1    leave. Defendants could seek relief against these proposed Third Party Defendants in a separate
2    action. The convenience that would be obtained by permitting Defendants to implead parties now
3    does not outweigh the substantial prejudice and delay facing Plaintiff if the Court grants leave.

###        C.       Rules 19 and 21

Defendants also argue that joinder of these parties is necessary under Rule 19, and, in the alternative, that the Court should exercise its discretion to join these parties to this suit under Rule 21.

Plaintiff is correct, however, in stating that joint tortfeasors and alleged co-conspirators are not indispensable parties for purposes of Rule 19. *See, e.g.*, *Mintel Learning Tech., Inc. v. Beijing Kaidi Educ.*, 2007 WL 2288329, at *13 (N.D. Cal. Aug. 9, 2007) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); *see also Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 8 (1990)("As potential joint tortfeasors with Synthes, Dr. LaRocca and the hospital were merely permissive parties."); *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 329 (1955). Defendants rely on an antitrust case, *Laker Airways, Inc. v. British Airways, PLC*, to contend that the proposed Third Party Defendants are active participants in the allegations of the FAC such that they are "critical to the disposition of the important issues in the litigation." Mot. at 7 (citing  182 F.3d 843, 848 (11th Cir. 1999)). In *Laker*, however, the Court found that the "interests of [the non-party] are more significant than those of a routine joint tortfeasor," in part because of the proof required of plaintiff to prove its antitrust claims. *See id.* This case, however, is more analogous to *Mintel*, in which a court in this district found that two co-conspirators who figured prominently in plaintiff's allegations were not necessary parties under Rule 19. *Mintel* at *13 ("Because the liability of joint tortfeasors is both joint and several, a plaintiff can sue one without suing the others, and the court can afford a plaintiff complete relief in the absence of all the joint tortfeasors in the same lawsuit.").[2]

---

[2] Defendants also contend that Plaintiff bears the burden of proof to show that the parties are not indispensable, and that it must state in its pleadings why the parties were not joined. Defendants cite no sources for these arguments, which rest on a misconstruction of the law of joinder. First, when a court finds after a review of the facts that a necessary party is absent, the burden *then* shifts to the party opposing joinder to show why that party should not be joined. *See, e.g.*,

7

Defendants allege that they may face a second lawsuit and are at risk of being held solely responsible for liability shared with the absent parties. *See* Reply at 8. These problems can be solved through a second suit for indemnification, if necessary, but do not render the proposed Third Party Defendants necessary parties under Rule 19, which requires "a legally protected interest, and not merely a financial interest or interest of convenience" in order to find that a party is necessary. *Kenko Int'l Inc. v. Asolo S.r.L.*, 838 F. Supp. 503, 506 (D. Colo. 1993). Defendants' showing here is insufficient to prove that the proposed Third Party Defendants are necessary parties.

Further, though the Court has discretion to "drop or add" parties under Rule 21 "on such terms as are just," the Court finds no reason to do so here. Fed. R. Civ. P. 21. Joining the proposed Third Party Defendants at this late stage of the litigation – after the close of fact discovery and less than three months before trial is scheduled to begin, is not in the interest of justice. Defendants are able to vindicate any claims they have against the proposed Third Party Defendants in a second suit. The inconvenience or cost to do so does not outweigh the prejudice facing Plaintiff were they to be joined in this action at this time.

## IV.    ORDER

For the foregoing reasons, Defendants' motion is DENIED.

**IT IS SO ORDERED.**

Dated: March 23, 2015

BETH LABSON FREEMAN
United States District Judge

---

*Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986); *see also FinServ Cas. Corp. v. Settlement Funding LLC*, 724 F. Supp. 2d 662 (S.D. Tex. 2010) (holding that the initial burden of persuasion falls on the party advocating joinder). Here, the Court, after review of the facts, has found that none of the proposed Third Party Defendants are possibly necessary parties; thus, Defendants have not met their initial burden.

Second, under Rule 19(c), a plaintiff must plead the reasons for non-joinder of a party *only* when it states "the name, if known, of any person who is required to be joined if feasible but is not joined." Fed. R. Civ. P. 19(c). Because Plaintiff asserts that none of the proposed Third Party Defendants must be joined under Rule 19, it did not need to plead the reasons for not joining them.

8