1 | Gerald D.W. North, Esq. (*Pro Hac Vice Application to be Filed*)
   northlaw2@yahoo.com
2 | 125 S. Wacker Dr., Suite 1000
Chicago, IL 60606
3 | Telephone:    (480) 998-6990
Facsimile:    (312) 629-0901

COLT / SINGER / BEA LLP
  Doug W. Colt (Bar No. 210915)
  dcolt@coltsinger.com
  Renee B. Bea (Bar No. 268807)
  rbea@coltsinger.com
  Doug Tilley (Bar No. 265997)
  dtilley@coltsinger.com
Shorebreeze II
255 Shoreline Drive, Suite 540
Redwood Shores, California 94065
Telephone:    (650) 887-6650
Facsimile:    (650) 887-6650

*Attorneys for Plaintiff Clear-View Technologies, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC., a California Corporation,<br><br>                Plaintiff,<br><br>v.<br><br>JOHN H. RASNICK, J. BASIL MATTINGLY, WILL RASNICK and PARKER MATTINGLY, individuals residing in Kentucky; and MRS SOLUTIONS, LLC, a dissolved Kentucky Corporation.<br><br>                Defendants. | CASE NO. CV13-02744-BLF (PSG)<br>**DECLARATION OF DOUG TILLEY IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND EXCLUDE DEFENDANTS' EXPERT TESTIMONY, AND FOR ATTORNEYS' FEES UNDER FED. R. CIV. P. 37(C)(1)**<br><br>Original Filing Date:  June 14, 2013<br>Hearing Date:        May 28, 2015 (noticed), but soonest available date requested<br>Trial Date:            June 8, 2015<br><br>SIGNATURE BY FACSIMILE |

- 0 -

DECLARATION OF DOUG TILLEY IN SUPPORT OF MOTION TO STRIKE AND EXCLUDE DEFENDANTS' EXPERT TESTIMONY, AND FOR ATTORNEYS' FEES UNDER FED. R. CIV. P. 37(C)(1)
CASE NO. CV13-02744-BLF (PSG)

I, Doug Tilley, hereby declare:

1. I am an attorney with the law firm of Colt / Singer / Bea LLP, counsel of record for Plaintiff Clear-View Technologies, Inc. ("CVT") in the above-captioned litigation. I submit this declaration in support of CVT's Motion to Strike and Exclude Defendants' Expert Testimony, and for Attorneys' Fees under Fed. R. Civ. P. 37(c)(1) (CVT's "Motion"), filed concurrently herewith. This declaration is based on personal knowledge following a reasonable investigation. If called upon as a witness, I could competently testify to the truth of each statement herein.

**THE PARTIES' INITIAL DISCLOSURES AND DISCOVERY RESPONSES**

2. On January 17, 2014, CVT served its Rule 26(a)(1) initial disclosures upon Defendants John Rasnick, J. Basil Mattingly, Will Rasnick, Parker Mattingly, and M&R Solutions, LLC (collectively, "Defendants"). CVT supplemented its initial disclosures on January 30, 2015. CVT did not disclose James Bryon Wyatt ("Wyatt") or David Cano ("Cano") as persons on whom CVT might seek to use to support its claims.

3. On January 21, 2014, Defendants served their Rule 26(a)(1) initial disclosures upon CVT. Defendants did not disclose Wyatt or Cano as persons whom "Defendants may use to support the averments in its [sic] pleadings[.]" Defendants have not supplemented or amended their initial disclosures.

4. By their Amended Answer to First Amended Complaint, Statement of Additional Defenses, and Counterclaims (Dkt. No. 79, Defendants' "Answer"), Defendants asserted counterclaims against CVT for (1) "Breach of Contract: Distribution Agreement" and (2) "Breach of Covenant of Good Faith and Fair Dealing[.]" In support of the same, Defendants alleged that "CVT, through its officers, directors, employees, or agent breached their obligations under the Distribution Agreement by failing to manufacture or cause to be manufactured, promote and sell the product, and to develop into a successful production for distribution."

5. On September 22, 2014, CVT served upon Defendants CVT's Written Interrogatories, Set No. Two (CVT's "Interrogatories"). CVT's Interrogatory No. 18 called for Defendants to "[i]dentify all factual bases for your contention, set forth in Defendants' [Answer],

- 1 -

DECLARATION OF DOUG TILLEY IN SUPPORT OF MOTION TO STRIKE AND EXCLUDE DEFENDANTS' EXPERT TESTIMONY, AND FOR ATTORNEYS' FEES UNDER FED. R. CIV. P. 37(C)(1)
CASE NO. CV13-02744-BLF (PSG)

1  that 'CVT, through its officers, directors, employees, or agent breached their obligations under the
2  Distribution Agreement by failing to manufacture or cause to be manufactured, promote and sell the
3  product, and to develop into a successful production for distribution[,]' including all facts and
4  documents on which you intend to rely in support of your defenses and each person with knowledge
5  regarding those facts and documents."

6        6.     On October 24, 2014, Defendants served their responses to CVT's Interrogatories.
7  Attached hereto as **Exhibit A** is a true and correct copy of Defendant John Rasnick's Objections and
8  Answers to CVT's Interrogatories.  As relevant to CVT's Motion, each Defendant's responses to
9  CVT's Interrogatories are substantively identical.  In response to CVT's Interrogatory No. 18, each
10 Defendant stated that "CVT failed to bring a viable product into the market, thereby breaching its
11 agreement relating to the distribution agreement with Defendant and interfering with same."
12 Defendants identified several individuals as "potential witnesses" to support Defendants' contention,
13 but did not identify Hugh Simpson ("Simpson"), Wyatt, or Cano.  Defendants have never identified
14 Simpson, Wyatt, or Cano in any discovery response.

15       7.     Neither Wyatt, Cano, nor Simpson was deposed in this action or provided any
16 declaration, affidavit, or other sworn statement.

17 **THE PARTIES' EXPERT DISCLOSURES**

18       8.     On September 12, 2014, pursuant to the Court's June 2, 2014 Order on Stipulation
19 Regarding Case Calendar (Dkt. No. 56), the parties exchanged "Initial Disclosure[s] of Topics on
20 which Parties Intend to Offer Expert Testimony."  CVT stated that it "may offer expert testimony
21 regarding the following topics:  1. Damages, including but not limited to company valuation; 2.
22 Technology and start-up companies; 3. Document preservation and search practices; and 4.
23 Spoliation."

24       9.     In turn, Defendants identified the following "topic[s] of Defendants' intended expert
25 testimony… 2. Status of the BarMaster product during the relevant time period, including
26 assessment of feasibility for mass production for purposes of distribution and sales[.]"  A true and
27 correct copy of Defendants' initial expert topic disclosures is attached hereto as **Exhibit B**.
28

10. On October 3, 2014, pursuant to the Court's June 2, 2014 Order on Stipulation Regarding Case Calendar (Dkt. No. 56), CVT provided its "Supplemental Disclosure of Topics on which Parties Intend to Offer Expert Testimony." CVT stated, in relevant part, that it "may offer rebuttal expert testimony regarding the topics disclosed [by Defendants], including but not limited to the '[s]tatus of the BarMaster product during the relevant time period, including assessment of feasibility for mass production and sales.'" Defendants did not identify additional topics.

11. On February 17, 2015, pursuant to Fed. R. Civ. P. 26(a)(2)(D), CVT disclosed Dr. Jonathan Neuberger as its damages expert, stated that it would rely on Dr. Neuberger at trial, and provided Dr. Neuberger's Report (the "Neuberger Report"). A true and correct copy of the Neuberger Report, less "native" Excel versions of the PDF files attached as exhibits to the same, is attached hereto as **Exhibit C**.

12. On February 17, 2015, Defendants stated "that they do not presently intend to offer the testimony of any expert witness. These parties do, however, reserve the right to submit a rebuttal expert witness list no later than March 17, 2015 pursuant to Federal Rules of Civil Procedure – Rule 26(a)(2)(D)(ii) and the *Order Granting Plaintiff's Motion to Stay Fact Discovery and Modify Case Management Schedule* filed herein on October 30, 2014 [See Dkt. No. 111]."

13. By email dated March 17, 2015, Defendants served "1. Rebuttal Expert Witness Report of James A. Turner, MBA, CPA (dated March 17, 2015); and 2. Certificate of Service (Dated March 17, 2015)." Attached to Defendants' email was a document entitled "Rebuttal Expert Witness Report of James A. Turner, MBA, CPA, March 17, 2015" (the "Turner Report"). A true and correct copy of Defendants' email and the Turner Report are attached hereto as **Exhibit D**.

14. Attached as "Exhibit 2" to the Turner Report is a document entitled "Analysis of Failed Technology Utilized by Clear-View Technologies, Inc. Prepared by Earl McCune, Ph.D." (the "McCune Report").

15. On March 26, 2015, I emailed Michael Crosby, counsel for Defendants, regarding Defendants' rebuttal expert disclosure. I stated that the McCune and Turner Reports were improper in several material ways and subject to a motion to strike. To avoid unnecessary motion practice, I

1  requested that Defendants agree to withdraw the McCune Report as well as portions of the Turner
2  Report.  On March 30, 2015, Mr. Crosby confirmed that while "Mr. McCune will not be called to
3  testify at the trial of this matter[, n]o portions of Mr. McCune's report will be withdrawn."  Mr.
4  Crosby further advised that "[n]o portions of Mr. Turner's report will be withdrawn."  A true and
5  correct copy of my exchange with Mr. Crosby is attached hereto as **Exhibit E**.

7  Executed on March 31, 2015 in San Francisco, California and submitted under penalty of
8  perjury under the laws of the State of California and the United States of America,

_____
Douglas S. Tilley