UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN H. RASNICK, et al.,<br><br>    Defendants. | Case No. 13-cv-02744-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO FILE DOCUMENT UNDER SEAL**<br><br>[Re: ECF 177] |

    Plaintiff moves to seal exhibit C to the Declaration of Doug Tilley, submitted with its reply brief in support of its motion to exclude evidence. *See* ECF 177.

    Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 1178. Two standards govern motions to seal documents, a "compelling reasons" standard, which applies to most judicial records, and a "good cause" standard, which applies to "private materials unearthed during discovery." *Cf. Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002). A party that seeks to seal a document submitted along with a motion to exclude evidence must meet the "compelling reasons" standard.

    Plaintiff submits a declaration in support of its sealing request, and declares that the information contained in exhibit C contains "technical, financial, strategic, and other sensitive information that is confidential and proprietary to CVT." Tilley Decl., ECF 177-1 at ¶ 2. The Court has reviewed the exhibit, and finds that while it may contain some proprietary or confidential information, Plaintiff has not made a sufficient showing as to why this exhibit should be sealed in its entirety. A party seeking to seal a document under Civil Local Rule 79-5 must make a request that is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-

5(b). Plaintiff's bare recitation that the information in exhibit C, which is over sixty pages long, contains some "technical, financial, strategic, and other sensitive information" is not sufficient to seal the exhibit in its entirety. For example, the exhibit includes emails that do not seem to contain confidential information, and some PowerPoint slides that include only general information about the company and product at issue in this suit.

The Court therefore DENIES Plaintiff's motion to seal the exhibit in its entirety, without prejudice to Plaintiff filing a more narrowly tailored motion to seal portions of the exhibit, with particularized reasons for filing the portions of the document under seal consistent with Civil Local Rule 79.

**IT IS SO ORDERED.**

Dated: April 27, 2015

_____
BETH LABSON FREEMAN
United States District Judge