UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN H. RASNICK, et al.,<br><br>　　　　　　　Defendants. | Case No.  13-cv-02744-BLF<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>[Re: ECF 155] |

　　　　Proposed intervenor Stroz Friedberg seeks to intervene in the above-captioned dispute, scheduled to begin trial on June 8, 2015. Defendants oppose. Plaintiff has filed a conditional non-opposition, stating that it does not oppose intervention so long as it would not delay trial. Because the Court finds that Stroz Friedberg does not meet the conditions for permissive intervention, the Court DENIES the motion.

**I.　　BACKGROUND**

　　　　On September 9, 2014, Magistrate Judge Paul Grewal granted Plaintiff's motion to compel further discovery responses to Plaintiff's interrogatories and requests for admission and an independent inspection of Defendants' electronic databases and media. *See* ECF 76; *cf.* ECF 62 at 13-18. The parties were instructed to meet and confer on a plan to retain an independent consultant to perform a limited forensic collection and analysis of Defendants' electronic media. *See id.* The parties were unable to reach agreement between two forensic analysts – LogicForce Consulting, LLC and Stroz Friedberg. *See, e.g.*, ECF 100, 101 (discovery dispute letters). Defendants preferred LogicForce because they submitted a lower estimate for the examination. ECF 100 at 1-2. The court ultimately ordered the parties to engage Stroz Friedberg to undertake the independent inspection, the cost of which would be borne by Defendants. *See* ECF 103.

1    Stroz Friedberg quoted Defendants high and low cost estimates for the examination, with a
2    low estimate of $52,375 and a high estimate of $108,000. *See* ECF 100; *see also* Mot., ECF 155 at
3    2-3. Defendants paid Stroz Friedberg a retainer of $25,000. *See* Haimovici Decl. Exh. D at 1. Stroz
4    Friedberg contends that Defendants obstructed and delayed the investigation, resulting in a total
5    cost of over $214,000, nearly double its high estimate. Defendants counter that they promptly
6    provided all media to Stroz Freidberg. Stroz Friedberg states that Defendants refused to pay the
7    amount due on January 22, 2015. *See* Mot. at 5 (citing Haimovici Decl. Exh. E).

On April 2, 2015, Stroz Friedberg moved to intervene in this action pursuant to Federal Rule of Civil Procedure 24(b)(1), and moved to shorten time in which the motion could be heard. *See* ECF 169. The Court denied the motion to shorten time, but submitted the underlying motion to intervene without oral argument upon the filing of Stroz Friedberg's Reply on April 23, 2015. *See* ECF 172 at 2 (citing Civil L.R. 7-1(b)).

## II.  LEGAL STANDARD

Rule 24(b) governs permissive intervention. A court may grant permissive intervention if three conditions are met: (1) the movant must show an independent ground for jurisdiction; (2) the motion must be timely; and (3) the movant's claim or defense and the main action must have a question of law or fact in common. *See Venegas v. Skaggs*, 867 F.2d 527, 529 (9th Cir. 1989). The existence of a common question or law or fact "does not automatically entitle an applicant to intervene." *Id.* at 530. Rather, Rule 24(b) "vests discretion in the district court to determine the fairest and most efficient method of handling the case." *Id.* (citing *SEC v. Everest Mgmt. Corp.*, 475 F.32d 1236, 1240 (2d Cir. 1972)). This means that the court must determine whether intervention will "unduly prejudice the adjudication of the rights of the original parties" to the underlying suit. Fed. R. Civ. P. 24(b). The proposed intervenor bears the burden to show that all conditions for intervention are satisfied. *See, e.g.*, *Citizens for a Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (noting, however, that the "review is guided primarily by practical considerations, not technical distinctions").

## III.  DISCUSSION

Defendants do not challenge Stroz Friedberg's assertion that diversity jurisdiction exists

over the proposed action. *See generally* Opp. The Court therefore looks to the remaining two conditions that Stroz Friedberg must show in order to intervene, timeliness and common questions of law or fact. The Court finds that neither is met here, for the reasons outlined below.

### A. Timeliness

Rule 24(b)'s timeliness inquiry concerns three factors: (1) the stage of the proceedings at which intervention is sought, (2) the reason for and length of delay in seeking intervention, and (3) the prejudice that would be suffered by other parties were intervention to be granted. *See, e.g.*, *State of Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997).

As to the first and third factors, the motion to intervene was filed just two months before trial is scheduled to begin in this action, and over two months after the close of fact discovery. Stroz Friedberg contends that its motion is timely because it was filed "at the first opportunity once it became clear that Defendants would not pay what they owe." Mot. at 5. Though Stroz Friedberg filed its motion just over two months after Defendants indicated they disputed the amount owed, even this delay is significant when trial is rapidly approaching. The late stage of the litigation, and the pleadings, motions, and discovery necessary to position Stroz Friedberg's claims for trial counsel against permitting intervention due to the third Rule 24(b) factor, prejudice to the original parties to the litigation.

Courts have repeatedly held that prejudice to the parties is the "most important factor in determining the timeliness of a motion to intervene." *Petrol Stops Nw. v. Continental Oil Co.*, 647 F.2d 1005, 1010 (9th Cir. 1981). It is clear to the Court that Stroz Friedberg's intervention would necessitate a delay in trial, prejudicing all original parties. Though Stroz Friedberg claims that it would need only "limited discovery" and that it "does not seek to modify the current trial date," *see* Mot. at 5, the Court finds these assertions untenable. Stroz Friedberg would first need to file a Complaint, which would be subject to a responsive pleading or motion(s) from Defendants; it would then need to formulate a discovery plan, adjudicate any disputes over discovery, and engage in depositions and document production. Plainly, even setting the pleadings would take more time than is available prior to the scheduled first day of trial. The "limited discovery" Stroz Friedberg

seeks to take could itself require substantial time.[1] Further, even attempting to fit the entirety of a new case from complaint to trial in six weeks would prejudice Defendants, who would be forced while preparing to defend themselves against Plaintiff's claims to also litigate a whole new controversy against Stroz Friedberg in a substantially limited timeframe. *Cf., e.g.*, *Yniguez* at 731-32.

The Court therefore finds that intervention is not timely because it would delay trial and prejudice the ability of all original parties' to adjudicate their interests in this litigation.

### B. Common Questions of Law or Fact

Though the Court may deny a motion to intervene on grounds of timeliness alone, *see Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (denying a motion to intervene under Rule 24(b) because the proposed intervenor failed to show one of the three prongs needed for intervention), the Court also finds that Stroz Friedberg has not shown a common question of law or fact with the underlying litigation such that intervention would be appropriate. Stroz Friedberg identifies as its common question of law or fact "Defendants' discovery conduct," noting that the Court is "currently considering a motion for sanctions alleging that Defendants spoliated evidence [and] have not produced requested materials." Mot. at 5. It further argues that its claims "depend heavily on this Court's order adopting the parties' agreement that Defendants bear the costs of Stroz Friedberg's services." *Id.* at 6. Neither of these arguments is persuasive.

First, Stroz Friedberg's identified common question of law, Defendants' alleged improper discovery conduct, is not a question common to the claims Plaintiff is asserting in this litigation or the facts that give rise to this dispute – namely alleging that Defendants tortuously interfered with a contractual relationship, engaged in unfair competition under California Business & Professions Code § 17200, breached a contract, or engaged in a civil conspiracy. *See* First Amended Complaint, ECF 37 at 1. Stroz Friedberg's claim for fees related to its forensic investigation arises only from the conduct of one of the parties in this litigation, not from the underlying causes of

---

[1] Because the Court finds that a trial continuance would be necessary were Stroz Friedberg to intervene, it interprets Plaintiff's conditional non-opposition, which was premised on no delay to the trial schedule, as an opposition to the motion to intervene.

action at issue in this litigation.

Stroz Friedberg's argument relies heavily on *Venegas v. Skaggs*, a Ninth Circuit case in which the court found that the district court had abused its discretion when it denied a motion to intervene. In *Venegas*, a plaintiff alleged various causes of action regarding a civil rights violation, including a claim under 42 U.S.C. § 1988. Plaintiff and his attorney had entered into a contingent fee agreement, in which the attorney was entitled to 40 percent of the damages awarded at trial, but that any statutory fees awarded under Section 1988 would be deducted from this amount. The agreement between the parties further "allowed [counsel's] intervention to protect his interest in the fees." 867 F.2d 527, 529. In post-trial motions, plaintiff's trial counsel successfully obtained a fee award. The district court also found that Section 1988 did not put a ceiling on trial counsel's fees and confirmed as reasonable the contractual 40 percent contingent fee arrangement. On appeal plaintiff obtained new counsel and the trial attorney moved to intervene in the district court action to confirm a lien on the judgment to protect his fees. The district court denied the motion to intervene even though no party opposed it. *See id.* at 529-30. The Ninth Circuit found that ruling to be an abuse of discretion. *Id.* at 531.

In this case, the circumstances are quite different. Defendants oppose intervention, and Plaintiff's conditional non-opposition is predicated on no delay in the trial schedule, which the Court has found infeasible. Stroz Friedberg also has no explicit contractual right to intervene in the action to protect its interest. Here, Stroz Friedberg is not attempting to protect its earned percentage interest in a judgment, but instead wants payment on an amount of fees disputed by a party to the litigation. Stroz Friedberg's right, if any, to the over $214,000 it seeks from Defendants is not implicated by any determination that could be made by the Court or a jury *in this action*. There is no relationship between Stroz Friedberg's claim against Defendants and the claims or facts that give rise to Plaintiff's action against Defendants. A dispute over the payment of fees for litigation services is not rendered common to the underlying action simply because both parties allege that Defendants have engaged in bad behavior during discovery. Tellingly, Stroz Friedberg cites no cases in its motion or reply where a court appointed expert (or any expert) was permitted to intervene in an underlying action simply by virtue of a fee dispute with one of the

1  parties to that action.

2        Stroz Friedberg's argument that the Court must determine whether the fees are reasonable,
3  and that these fees are taxable costs, *see* Mot. at 6-7, is irrelevant to determining whether the claim
4  raised by Stroz Friedberg has questions of law or fact common to the underlying litigation. Stroz
5  Friedberg's argument, taken to its logical conclusion, would expand Rule 24(b) to permit
6  intervention by *any* expert or litigation support services provider in litigation where fees are
7  disputed.

8        Rule 24(b) was designed to promote efficiency by allowing the Court to adjudicate
9  disputes between multiple parties when it would be fair to do so and when the questions raised by
10 the intervenor are common to those raised by the plaintiff or defendant in the action. *See, e.g.*,
11 *Venegas* at 529-31. Such a situation is not present here. Were Stroz Friedberg able to intervene in
12 this action at this late stage of the litigation, it would prejudice both parties to the underlying
13 action Additionally, Stroz Friedberg has not shown that its fee dispute with Defendants shares
14 common questions of law or fact with the underlying litigation.

## IV. ORDER

      Stroz Friedberg has not shown that its motion is timely or that its claim (or claims) against Defendants has questions of law or fact common to this action,[2] and therefore fails to meet its burden to show that permissive intervention is appropriate. For these reasons, Stroz Friedberg's motion to intervene is DENIED.

**IT IS SO ORDERED.**

Dated: April 28, 2015

_____
BETH LABSON FREEMAN
United States District Judge

---

[2] Because Stroz Friedberg has not filed a proposed complaint with its motion to intervene, the Court is unclear as to how many causes of action it would seek to assert against Defendants in order to vindicate its allegations for breach of contract.

6