UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JOHN H. RASNICK, et al.,<br><br>Defendants. | Case No. 13-cv-02744-BLF<br><br>**ORDER RE DEFENDANTS' MOTION FOR RELIEF FROM A NONDISPOSITIVE ORDER OF A MAGISTRATE JUDGE**<br><br>[Re: ECF 196, 209] |

On May 13, 2015, Magistrate Judge Paul Grewal issued a sanctions order against Defendants. Judge Grewal found that Defendants spoliated evidence in this action with a culpable state of mind, and ordered an adverse inference jury instruction at trial as well as monetary penalties. Defendants now move the Court for relief from this nondispositive order, pursuant to Civil Local Rule 72-2, and request that the Court (1) refuse to issue Judge Grewal's adverse inference instruction at trial and (2) decrease to $50,000, or eliminate altogether, the $212,320 in monetary sanctions awarded to Plaintiff. *See* ECF 209 at 3-5. For the reasons below, the Court DENIES the motion with regard to the adverse inference instruction and DEFERS the motion with regard to the monetary sanctions, pending further briefing by Plaintiff.

Rule 72-2 permits a party to move for relief from a nondispositive order entered by a Magistrate Judge by "specifically identify[ing] the portion of the [] order to which objection is made and the reasons and authority therefore." Here, Defendants identify three objections to Judge Grewal's order regarding spoliation of evidence: first, that Defendants' duty to preserve evidence did not arise until Plaintiff filed its complaint in this action in June 2013, rather than in May 2011 as held by Judge Grewal; second, that an adverse inference instruction is unwarranted; and third, that even assuming evidence was destroyed, sanctions were inappropriate because the destruction

was done without fraudulent intent.

Having reviewed Judge Grewal's thorough and well-reasoned order, the Court finds each of Defendants' arguments unavailing.

The obligation to preserve evidence arises when litigation is reasonably anticipated. Judge Grewal's order cites to a May 5, 2011 conversation between one of Plaintiff's co-founders, Paul Mula, and named Defendant John Rasnick, when Mr. Mula stated "[D]on't call my shareholders with your b.s. That is tortious economic interference. I will not accept this. [K]eep it up and you'll find yourself in court." ECF 127-2 at 3-4. Judge Grewal was therefore correct in finding that the obligation to preserve evidence arose as early as May 2011.

Further, Judge Grewal cited to ample evidence showing that Defendants affirmatively destroyed evidence despite being on notice of litigation, including deleting emails, discarding phones and laptops, and destroying hard copies of documents. Judge Grewal also found that Defendants ran multiple "computer cleaning" programs, including "Crap Cleaner" software, on Defendant Basil Mattingly's computer. The Court agrees with Judge Grewal that "Defendants' culpable state of mind is unmistakable." Sanctions Order, ECF 196 at 15. This is not, as Defendants repeatedly insist, a "routine, good faith operation" to clean up unnecessary computer files, but rather one piece of a larger, purposeful attempt to destroy documents and ignore and frustrate production deadlines. The Court finds correct Judge Grewal's determination that Defendants acted affirmatively to destroy these documents, and then later attempted to conceal what they had done, and agrees with his determination that an adverse inference jury sanction was warranted. *See id.* at 15 ("In sum, sanctions are warranted. The only question is what kind.").

The Court therefore DENIES Defendants' motion for relief from Judge Grewal's order with regard to the adverse inference jury sanction. The Court, however, DEFERS Defendants' motion for relief with regard to monetary sanctions, pending further briefing from Plaintiff.

**IT IS SO ORDERED.**

Dated: May 29, 2015

_____
BETH LABSON FREEMAN
United States District Judge

2