UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC.,,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN H. RASNICK, et al.,<br><br>    Defendants. | Case No. 13-cv-02744-BLF<br><br>**ORDER RE PARTIES' MOTIONS *IN LIMINE***<br><br>[Re: ECF 181, 182] |

This Order addresses the motions *in limine* submitted by both sides in the above-captioned action. For the reasons explained below, the motions are decided **as follows**:

Plaintiff's Motion *in Limine* #1: Granted in part and denied in part.

Defendants' Motion *in Limine* #1: Denied.

Defendants' Motion *in Limine* #2: Denied.

Defendants' Motion *in Limine* #3: Granted.

Defendants' Motion *in Limine* #4: Denied.

Defendants' Motion *in Limine* #5: Granted.

Defendants' Motion *in Limine* #6: Granted in part and denied in part.

**I.   Plaintiff's Motion *in Limine* No. 1 to Exclude Allegations of Embezzlement and Drug Use By Paul S. Mula, II**

**GRANTED IN PART AND DENIED IN PART.**

Plaintiff Clear-View Technologies' ("CVT") motion *in limine* seeks to exclude allegations of embezzlement and drug use by Paul Mula, II, CVT's co-founder and former CEO. Plaintiff argues that Defendants lack personal knowledge sufficient to justify their allegations, have failed to disclose in response to CVT's interrogatories any facts underlying their allegations, that the

testimony of two third-party witnesses regarding these allegations (Messrs. Dong and Zevgolis), would be inadmissible hearsay, and that the probative value of such evidence would be substantially outweighed by their prejudicial effect. For the reasons below, the Court GRANTS the motion as to allegations of drug use and embezzlement, but DENIES the motion as to more general allegations of Mr. Mula's misappropriation of funds and financial mismanagement.

As to allegations of drug use, the only evidence pointed to by Defendants is a series of text messages between Mr. Mula and Defendant Mattingly which purport to have been sent by Mr. Mula while consuming alcohol at a bar at 7 p.m. in the evening. *See* Crosby Decl., ECF 193-2 Exh. A at 1-3. Defendants further assert that Messrs. Dong and Zevgolis may appear to testify regarding Mr. Mula's use of alleged illegal drugs. *See* Opp., ECF 193 at 2. When asked at the May 28, 2015 pretrial conference whether Defendants had any admissible evidence regarding such drug use, however, defense counsel responded "I don't know." Defendants assert that this evidence would be "undeniably relevant and probative," Opp., ECF 193 at 3, but the Court finds that any modest probative value provided by this evidence is clearly outweighed by its prejudicial effects upon Plaintiff, rendering it inadmissible under Federal Rule of Evidence 403. Given that the only evidence Defendant has offered regarding "drug use" is a series of text messages in which Mr. Mula states he was consuming alcohol one evening, the Court GRANTS the motion as to allegations of drug use.

As to allegations of embezzlement, Plaintiff claims any evidence of this allegation would be inadmissible hearsay and was not properly disclosed pursuant to Federal Rules of Civil Procedure 26 and 37. The Court finds, however, that Plaintiff's depositions of Defendants, specifically the deposition of Basil Mattingly, sufficed to put Plaintiff on notice of the allegations of both drug use and embezzlement against Mr. Mula. *See id.* at 2 (citing Tilley Decl. Exhs. A, C). Despite this sufficient notice, Defendants have not pointed to any admissible evidence regarding Mr. Mula's alleged embezzlement, nor did they indicate at the pretrial conference that they would be able to put forth any such evidence at trial. The Court GRANTS the motion as to allegations of embezzlement because there is no admissible evidence. The Court, however, agrees with Defendants that testimony as to allegations of Mr. Mula's financial mismanagement of CVT is

relevant, and DENIES the motion as to those more general allegations of misappropriation of funds and financial mismanagement so long as Defendants submit admissible evidence on the topic.

The Court DEFERS any hearsay objections until trial. The Court's denial of this motion *in limine* is without prejudice to Defendants making an offer of proof to the Court, outside the presence of the jury, of admissible evidence that would support their allegations of drug use or embezzlement.

**II.     Defendants' Motions *in Limine***

Defendants bring six motions *in limine*, which the Court addresses in turn.

**1.     Defendant's Motion *in Limine* No. 1 to Exclude the Testimony of Gerald North DENIED.**

Defendants move to exclude Gerald North from testifying in this action. Mr. North previously served on CVT's Board of Directors and is also acting as CVT's trial counsel in this action. MIL #1, ECF 182 at 1. Defendants state that Mr. North was not included in Plaintiff's Rule 26 disclosures and argue that the Court would "necessarily have to discount the credibility of his testimony" were he called at trial. *Id.* at 2. Plaintiff states that neither party intends to call Mr. North to testify, and that if Mr. North were to testify as a rebuttal witness, CVT would provide written consent consistent with Rule of Professional Conduct 5-210(C), which permits an advocate to testify on behalf of its client when he has "the informed, written consent of the client." *Id.*

The Court therefore DENIES the motion provided that, in the event Mr. North is called as a rebuttal witness, CVT provides written consent permitting him to do so.

**2.     Defendant's Motion *in Limine* No. 2 to Exclude Evidence of Spoliation DENIED.**

Defendants move to exclude all evidence, references to evidence, testimony, or argument regarding the spoliation of evidence by Defendants and allegations of spoliation by Mr. Berg.

On May 13, 2015, Magistrate Judge Paul Grewal issued a sanctions order against Defendants finding that they spoliated evidence in this action. Judge Grewal ordered an adverse inference instruction be given regarding Defendants' spoliation. *See* ECF 196. The Court has read

and considered Judge Grewal's detailed and well-reasoned order and agrees with his findings. The Court is prepared to give the adverse inference jury instruction against Defendants as drafted by Judge Grewal. The motion is therefore DENIED as to Defendants.

This sanction, however, did not reference Mr. Berg, and Defendants contend that CVT should be precluded from introducing evidence regarding allegations of Mr. Berg's spoliation of evidence absent such an adverse inference sanction. Plaintiff argues that it should be able to advise the jury that Mr. Berg, an alleged co-conspirator of Defendants, admitted under oath that he spoliated evidence in this action and that the Court could, if necessary, provide the jury with a limiting instruction regarding the evidence.

The Court agrees with Plaintiff that evidence regarding Mr. Berg's purported spoliation is admissible under Rule 401 because it is relevant to the dispute at the heart of this case, which concerns allegations regarding whether Defendants induced Mr. Berg to cancel a planned investment in CVT. Evidence that Mr. Berg destroyed evidence regarding his conduct is undoubtedly probative of Mr. Berg's consciousness of guilt regarding the alleged conspiracy. The probative value of this evidence is not outweighed by any possible prejudice facing Defendants were it introduced, thus rendering the evidence admissible under Rule 403's balancing test. The motion is therefore also DENIED as to Mr. Berg.

The Court has not been asked to consider an adverse inference instruction against Mr. Berg, who is not a party to the litigation, and is unlikely to do so.

**3.      Defendants' Motion *in Limine* No. 3 to Exclude Evidence re the Stroz Friedberg Fee Dispute**

**GRANTED.**

Defendants move to exclude evidence, reference to evidence, testimony, or argument relating to its fee dispute with non-party Stroz Friedberg, a forensic analysis firm appointed by the Court to engage in a review of Defendants electronic media after Plaintiff alleged that Defendants spoliated evidence. Following Stroz Friedberg's investigation, Defendants disputed Stroz Friedberg's fees. Stroz Friedberg then unsuccessfully moved to intervene in this action. *See* ECF 187. Defendants indicated on May 20, 2015 that the fee dispute has been resolved and that Stroz

1   Friedberg has been paid in full. *See* ECF 199.

2   Defendants argue that the fee dispute is irrelevant to this action and any reference to it

3   would be unduly prejudicial. Plaintiff argues in response that Defendants should not be able to

4   suppress reference to "their ongoing violation of contractual and court-ordered obligations," Opp.

5   to MIL #3, ECF 195-2 at 1, and that the evidence's relevance outweighs any possible prejudice.

6   The Court agrees with Defendants. Defendants have paid the amount due to Stroz

7   Friedberg, and any reference to the fee dispute would be confusing to the jury and an undue

8   consumption of time. The adverse inference against Defendants regarding spoliation is sufficient;

9   Plaintiff need not also muddy the waters at trial by referencing a now-resolved fee dispute

10  between Defendants and a third party.

11  **4.     Defendants' Motion *in Limine* No. 4 to Exclude Untimely Produced Video**
12  **Recordings**

13  **DENIED.**

14  Defendants move to exclude evidence, reference to evidence, testimony, or argument

15  relating to three video recordings that Plaintiff may seek to offer at trial. Two of these recordings

16  show small-scale replicas of CVT's product The BarMaster, while the other recording includes

17  video reviews of The BarMaster by the owner of an establishment (202 Market) in which it was

18  installed, as well as positive statements about The BarMaster made by a former CVT employee

19  and possible defense witness, Hugh Simpson.  Defendants make a number of arguments as to why

20  this evidence should be excluded, including that it was untimely produced, lacks authentication

21  and foundation, that Plaintiff cannot prove a chain of custody, and that the probative value of the

22  evidence is outweighed by its likely prejudicial effect. In response, Plaintiff states that the two

23  small-scale replica videos were publicly available, having been posted to CVT's Youtube.com

24  channel, and that Plaintiff's counsel provided Defendants with the 202 Market video the day after

25  it was given to Plaintiff's counsel by Mr. Zevgolis, another former CVT employee who is a

26  possible defense witness in this action.

27  The Court agrees with Plaintiff. The two Youtube.com videos were publicly available to

28  Defendants, and the 202 Market video was promptly provided to Defendants upon its receipt by

Plaintiff's counsel. There is no evidence that Plaintiff prevented Defendant from taking discovery as to these videos. Further, these videos have clear probative value because they purport to show that The BarMaster could be successfully installed in an establishment. Defendants cannot reasonably point to any actual undue prejudice that would result from the introduction of these videos at trial.

Because it is unclear whether these videos are admissible, questions of foundation, authentication, and chain of custody are DEFERRED until trial, but Defendants' request to exclude the videos under Federal Rule of Civil Procedure 26 and Federal Rules of Evidence 401 and 403 is DENIED.

### 5. Defendants' Motion *in Limine* No. 5 to Exclude Evidence of Twelve Additional The BarMaster Orders

**GRANTED.**

Defendants move to exclude evidence, reference to evidence, testimony, or argument regarding twelve purported additional orders of The BarMaster product. Defendants argue that CVT testified in its Rule 30(b)(6) deposition that only one sale of The BarMaster had been made, to the 202 Market establishment, and that Plaintiff did not produce during discovery any evidence that would support its claim that it received twelve additional orders that it was unable to satisfy due to Defendants' actions. Defendants further argue that the evidence lacks foundation and would be unduly prejudicial under Rule 403. In response, Plaintiff contends that Defendants asked only about sales, not orders, in their 30(b)(6) deposition, and cannot "lock in" an answer to a question that was never asked. Plaintiff further argues that Defendants had ample opportunity to take discovery as to any additional purported sale orders of The BarMaster product, but failed to do so. *See* Opp. to MIL #4, ECF 195-4 at 2.

At the hearing on this motion *in limine* at the parties' pretrial conference, Plaintiff's counsel was unable to point to any document in the record that would support its contention that CVT received twelve additional orders of The BarMaster. Plaintiff indicated instead that it might call witnesses, including Plaintiff's Director of Sales or CEO, who would provide admissible testimony that these orders were placed.

6

Because Plaintiff is unable to point to any document it has disclosed pursuant to Rule 26, which requires Plaintiff to disclose *all* documents to Defendant on which it will rely in order to support its claims or defenses, the Court GRANTS Defendants' motion pursuant to Rule 37(c). Plaintiff will not be able to introduce at trial any evidence of the purported twelve other orders of The BarMaster unless and until it shows that the evidence supporting those orders was properly disclosed pursuant to Rule 26's requirements.

### 6. Defendants' Motion *in Limine* No. 6 to Limit the Testimony of Dr. Jonathan Neuberger to the Opinions and Bases Set Forth in his Expert Report GRANTED IN PART AND DENIED IN PART.

Defendant moves to limit Plaintiff's expert, Dr. Jonathan Neuberger, to testify only to the opinions and bases set forth in his expert report. MIL #6, ECF 182-5 at 1.[1] Defendants therefore seek to exclude testimony on new matters set forth in a supplemental declaration by Dr. Neuberger, filed in support of Plaintiff's opposition to the motion to exclude, which Defendants contend "improperly expands the Neuberger [Expert] Report." *Id.* at 2. Defendants argue that a party may supplement an expert report *only* to correct inaccuracies or add information unavailable at the time the report was written, and that the Neuberger Supplemental Declaration is instead an improper attempt to strengthen the Neuberger Report by adding information that should have originally been included in the Report. At oral argument on the motion at the parties' pretrial conference, Defendants specifically argued that the Court should exclude Dr. Neuberger's references to the purported twelve additional orders of The BarMaster as well as any reference to an independent valuation of CVT conducted by the Cronkite & Kissel valuation firm which Defendants claim went wholly unreferenced in Dr. Neuberger's Expert Report. Plaintiff responds that the Supplemental Declaration "simply explains why Defendants' criticisms [of the Report] are without merit," and that a supplemental declaration may be used to respond to and correct alleged mischaracterizations of an expert report. *See* Opp. to MIL #6, ECF 195-5 at 1-2.

The Court agrees with Defendants, but only to a degree. Much of the Neuberger

---

[1] Defendants separately move to exclude Dr. Neuberger from testifying as an expert under *Daubert*. The Court will issue a separate written order discussing this motion to exclude.

7

Supplemental Declaration provides illumination of his expert opinions or corrects inaccuracies, both of which fall within the permissible bounds of a supplemental declaration. *See, e.g.*, *In re REMEC Incorporated Securities Litig.*, 702 F. Supp. 2d 1202, 1218 n.10 (S.D. Cal. 2010).

The Court DENIES the motion as to Dr. Neuberger's reliance on the Cronkite & Kissel report because Plaintiff's counsel indicated at the hearing that Plaintiff disclosed Dr. Neuberger's reliance on that report in its disclosures to Defendants. The Cronkite & Kissel report was drafted by an independent valuation firm, was not drafted for the purpose of litigation, and predates the dispute at issue in this case, making it appropriate for Dr. Neuberger to have relied on the report when rendering his own valuation of CVT. Dr. Neuberger's explication in his supplemental declaration regarding his reliance on the Cronkite & Kissel report is therefore an appropriate supplementation of his Expert Report. *See, e.g.*, *REMEC*, 702 F. Supp. 2d at 1218. The Court, however, GRANTS the motion as to Dr. Neuberger's reliance on the purported twelve additional orders of The BarMaster due to the absence of any reference in the Neuberger Report to these twelve purported orders, as well as Plaintiff's inability to point to any evidentiary basis for those orders that was provided to Defendants in discovery pursuant to Plaintiff's Rule 26 obligations.

Thus, the Court GRANTS the motion regarding references to the twelve additional orders of The BarMaster and DENIES the remainder of Defendants' motion.

**IT IS SO ORDERED.**

Dated: May 29, 2015

_____
BETH LABSON FREEMAN
United States District Judge

8