UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC.,, <br><br>  Plaintiff, <br><br>  v. <br><br> JOHN H. RASNICK, et al., <br><br>  Defendants. | Case No. 13-cv-02744-BLF <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM THE NON-DISPOSITIVE ORDER OF A MAGISTRATE JUDGE** |

Defendants filed a motion for relief from Judge Paul Grewal's sanctions order which asked the undersigned to (1) refuse to issue Judge Grewal's adverse inference instruction at trial and (2) decrease to $50,000, or eliminate altogether, the $212,320 in monetary sanctions awarded to Plaintiff. *See* ECF 209 at 3-5. On May 29, 2015, the Court denied Defendants' motion for relief with regard to the adverse inference sanction, but deferred ruling on the relief sought from monetary sanctions until Plaintiff could provide the Court with briefing. Plaintiff filed an opposition on June 1, 2015. ECF 217. Having reviewed the parties' arguments, the Court DENIES Defendants' motion.

Defendants set forth two grounds for relief from Judge Grewal's order: first, that the award was excessive because "Plaintiff's counsel attributed every billable hour for a period of eight months" to the motion for sanctions. Second, is that Defendants "incurred over $214,000 in separate expenses for the forensic examination of their media." Mot. at 5. Neither argument is persuasive. First, Defendants provide no support for their claim that Plaintiff's counsel sought compensation for *every* hour billed on this case for a period of eight months. A review of the Tilley Declaration filed in support of the motion for sanctions makes this clear: Mr. Tilley, who declared that he spent 277.4 hours on Plaintiff's behalf in seeking to "secure Defendants'

compliance with the Federal Rules and this Court's Orders," stated that these hours did "not include tasks which I would have needed to perform in the absence of Defendants' misconduct." Tilley Decl., ECF 127-1 at ¶ 46. Mr. Tilley makes similar declarations for counsel Renee Bea and Doug Colt, who sought compensation for 73 and 59.5 hours of work, respectively. *See id.* at ¶¶ 47-48. Judge Grewal's sanctions order found these fees, as well as fees incurred in drafting and filing Plaintiff's reply, "reasonable in light of the extraordinary effort required to uncover [Defendants'] widespread [discovery] abuse." Sanctions Order, ECF 196 at 16. The Court agrees with Judge Grewal – Defendants' spoliation was widespread and purposeful, and Plaintiff's counsel should be able to obtain reasonable fees in light of such misconduct.

Defendants' second argument is completely without merit. Defendants had to pay for Stroz Friedberg's forensic examination as a result of Plaintiff's successful motion to compel. It is this examination that confirmed Defendants' widespread spoliation. *See* ECF 62, 76, 196 at 5. Defendants cannot avoid paying in full the monetary sanctions Judge Grewal ordered be paid to Plaintiff because they also had to pay for the forensic examination that confirmed their wrongdoing.

The Court therefore DENIES Defendants' motion for relief from Judge Grewal's monetary sanctions, and ORDERS Defendants to pay $212,320 – the full amount awarded by Judge Grewal – to Plaintiff no later than June 12, 2015.

**IT IS SO ORDERED.**

Dated: June 3, 2015

BETH LABSON FREEMAN
United States District Judge