COLT / SINGER / BEA LLP
  Doug W. Colt (Bar No. 210915)
  dcolt@coltsinger.com
  Renee B. Bea (Bar No. 268807)
  rbea@coltsinger.com
  Doug Tilley (Bar No. 265997)
  dtilley@coltsinger.com
Shorebreeze II
255 Shoreline Drive, Suite 540
Redwood Shores, California  94065
Telephone:     (650) 887-6650
Facsimile:     (650) 887-6650

*Attorneys for Plaintiff Clear-View Technologies, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC., a California Corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>JOHN H. RASNICK, J. BASIL MATTINGLY, WILL RASNICK and PARKER MATTINGLY, individuals residing in Kentucky; and M&R SOLUTIONS, LLC, a dissolved Kentucky Corporation.<br><br>                    Defendants. | CASE NO. CV13-02744-BLF (PSG)<br><br>**REPLY IN SUPPORT OF MOTION FOR ORDER PERMITTING WITHDRAWAL**<br><br>Hearing Date:          July 9, 2015, 9:00 AM<br>Dept. No.:              3, 5th Floor<br>Judge:                  Hon. Beth L. Freeman<br>Date Action Filed:      June 14, 2013<br>Trial Date:             June 8, 2015 |

Instead of addressing whether good cause exists for Colt Singer Bea's ("CSB") withdrawal request, Gerald North ("Mr. North") devotes Clear-View Technology's ("CVT") Opposition (Dkt. 272) and Supplemental Opposition (Dkt. 276) to casting blame for the jury's verdict.  As the Court likely suspects, CSB and Mr. North hold wildly divergent views of the "facts" North offers in opposing this Motion.  As the veracity of those allegations is irrelevant to the instant motion, and as CSB's ethical obligations to CVT prevent it from substantively responding, CSB will reserve its response to such allegations at the appropriate time and forum.

Mr. North's Opposition brief does, however, put an exclamation point on CSB's argument that good cause exists for CSB's withdrawal.  It is apparent that CSB's relationship with Mr. North and CVT have so deteriorated that is it impossible for CSB to continue as co-counsel with Mr. North or counsel for CVT.  Moreover, assuming that Mr. North does in fact represent CVT's interests, his Opposition and Supplemental Opposition make clear that CVT's and CSB's interests have diverged dramatically.  While not clearly argued in the Opposition, Mr. North intimates two points that warrant a response—that CSB abandoned CVT after trial and that CVT would be prejudiced were CSB permitted to withdraw now.  As set forth below, neither is true.  CSB should not be forced to continue representing a client with whom it has been told it cannot speak and as to whom Mr. North has made clear it is now adverse.

**A.  North's Opposition Demonstrates Good Cause Exists To Permit Withdrawal**

California Rule of Professional Conduct 3-700(C)(3) permits withdrawal in circumstances where co-counsel makes it so impossible for a lawyer to do his or her job that it results in a disservice to the client.  Mr. North is openly obstructing CSB's attorney-client relationship with CVT.  Mr. North has instructed CVT not to speak with its own counsel and instructed CSB that it may not speak with its own client.  Further, Mr. North attempted to instruct opposing counsel that it may not correspond with CSB attorneys and has excluded CSB from meet and confer discussions.

In addition, where there is a breakdown in communications with the client, as there is here, a court should grant a request to sever the relationship. *United States v. Carlos Adelzo-Gonzalez*, 768 F.3d 772 (9th Cir. 2001).  It is hard to imagine a more compelling demonstration that there has been an irreparable breakdown in the attorney-client relationship than North's wanton advertising—

purportedly on behalf of CVT—of a manufactured malpractice claim.  Moreover, the complete deterioration of the attorney-client relationship, which is dominated and controlled by Mr. North, is also evident from Dr. Rosenoff's false[1] account of his conversation with CSB partner Benjamin Singer and affirmative efforts to publicly malign the firm.  California Rule of Professional Conduct 3-700(C)(1)(d) permits counsel to withdraw where the client's conduct renders it unreasonably difficult the firm to continue the representation.

These circumstances demonstrate that good cause exists to permit CSB's withdrawal.

**B.  CSB Did Not Abandon CVT**

From the time the verdict came down through today, CSB has steadfastly prioritized CVT's interests and did not make the instant motion until *after* it had been informed by Mr. North that he had enlisted new assistance for CVT's representation.

Just two business days after the verdict, with Mr. North already making threatening innuendos to CSB's attorneys, CSB reached out to Mr. North via email requesting that they "connect tomorrow" about the plan going forward, and explaining that CSB's associates had been instructed "to stand down and rest up until" instructed otherwise.  This simple email drew an explosive reaction from Mr. North, which made plain that CSB and North could not continue to effectively represent CVT's interests as co-counsel.

As a next step in attempting to ensure protection of CVT's interests, CSB reached out to its client directly on June 25, 2015.  Dr. Stephen Rosenoff, a member of CVT's Board of Directors, he confirmed that Mr. North had instructed CVT not to communicate with CSB.  Later that same day, Mr. North stated in writing, addressed to all of CSB's partners, that "CVT is my client," and stated that "I instruct you not to have any further contact with anyone associated with CVT."  Mr. North also advised CSB's partners that he had, days prior, "began the process of making other arrangements" for representation.  Mr. North further instructed opposing counsel, in a separate communication, to direct all correspondence to him and him alone.  Two days later, Mr. North

---

[1]   In the interest of not expanding any potential waiver of privilege occasioned by the Declarations of Gerald W. North and Dr. Stephen Rosenoff, CSB is bound to refrain from responding point-by-point to the inaccurate and defamatory accusations contained therein.

reiterated that he had enlisted other assistance on the post-trial motions. Based on Mr. North's representations, CSB reasonably believed he had made arrangements for other counsel.

Despite the breakdown, CSB has been consistent in its position that it is ready and willing to do whatever is necessary to efficiently transition the representation to other counsel. CSB has provided everything Mr. North requested post-trial to insure that CVT's interests are protected.

Mr. North acknowledges that Renee Bea has been made available to assist with CVT's fee and cost submissions. (Oppn. at 3:28-4:2.) Indeed, CSB's counsel advised Mr. North that Ms. Bea would interface with him regarding case-related matters, but that all inquiries or discussion regarding his malpractice threats should be directed to counsel from Long & Levit, LLP; CSB engaging with Mr. North regarding his threats and allegations would be unproductive.

### C. CSB's Withdrawal Will Not Prejudice CVT

Mr. North was CVT's counsel long before CSB existed. He first chaired the trial, has described himself as CVT's "lead attorney" throughout the litigation, and controlled and directed the litigation from its inception. He is capable of addressing any and all substantive issues and motions in this post-trial phase. CSB also timely provided CVT with notice of its intent to withdraw on June 26, 2015, well in advance of any post-trial deadlines, and *after* Mr. North represented that he had made "other arrangements" that excluded CSB. As noted above, CSB has diligently continued to accept service of and forward documents and has responded to Mr. North's requests for information.

Based on CVT's Opposition (Oppn. at 4:22), it is clear Mr. North has not actually made "other arrangements" for representation and, therefore, the point that CVT needs to retain local counsel is well-taken. A corporation may not self-represent and it is essential that CVT does not lose Mr. North unless and until it hires another lawyer to represent it. *Merco Constr. Engineers, Inc. v. Municipal Court*, 21 Cal. 3d 725 (1978); *In re Highly*, 465 F 2d 554, 555 (9th Cir. 1972).

Until CVT is able to retain local counsel, Civil Local Rule 11-5 (b) permits the Court to conditionally grant CSB leave to withdraw, relieving CSB of duties aside from those involving the service of documents. CSB requests the Court conditionally grant its motion to withdraw, relieving the firm of its duties aside from service obligations under Rule 5-11(b); order CVT to retain local

counsel forthwith; and order that, once counsel has been retained, CSB's motion to withdraw is granted.  In the interim, CSB will accept service and forward papers to Mr. North.

### D.  The Court Should Deny North's Attempt To Modify Its Engagement With CSB

In Mr. North's Supplemental Opposition, he asks this Court, without any legal basis, to modify the terms of CSB's engagement letter with CVT and expand the scope of CSB's services. The terms of CSB's compensation are set forth in an engagement letter, and any dispute regarding those terms, including any effort to judicially modify them, is explicitly subject to an alternative dispute resolution provision.  Moreover, CSB's engagement with CVT specifically excludes appellate services, stating that "[t]he Firm will not represent Clear-View on any appeal…".  Therefore, the Court should reject Mr. North's unsupported requests to modify CSB's contractual agreement with CVT.

<u>**CONCLUSION**</u>

For the above reasons, CSB respectfully requests that the Court conditionally grant its motion to withdraw and that, until such time as CVT retains replacement local counsel, CSB's duties are limited to acceptance of service and forwarding of documents.  Further, CSB requests that the Court order CVT to retain local counsel forthwith.

Date:  July 7, 2015                    Respectfully submitted,

COLT / SINGER / BEA LLP

By:_____
　　　Douglas W. Colt
　　　Renee B. Bea
　　　Douglas S. Tilley

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC., a California Corporation,<br><br>         Plaintiff,<br><br>v.<br><br>JOHN H. RASNICK, J. BASIL MATTINGLY, WILL RASNICK and PARKER MATTINGLY, individuals residing in Kentucky; and M&R SOLUTIONS, LLC, a dissolved Kentucky Corporation.<br><br>         Defendants. | CASE NO. CV13-02744-BLF (PSG)<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR ORDER PERMITTING WITHDRAWAL**<br><br>Hearing Date:    July 9, 2015, 9:00 AM<br>Dept. No.:       3, 5th Floor<br>Judge:           Hon. Beth L. Freeman<br>Date Action Filed:  June 14, 2013<br>Trial Date:      June 8, 2015 |

       Having reviewed and considered Colt / Singer / Bea LLP's ("CSB") Motion for an Order Permitting Colt / Singer / Bea LLP to Withdraw as CVT's Counsel, and good cause appearing therefor, the Court HEREBY ORDERS that CSB be permitted to conditionally withdraw as counsel in this matter.  Gerald D. W. North will continue to represent CVT, but is ordered to retain local counsel forthwith.  Until such time CVT retains alternate counsel, CSB must accept service of, and forward, pleadings filed in this action, but is relieved of all other duties.  The Court's records and ECF docket shall be updated to reflect these changes.

       **IT IS SO ORDERED**.


Dated:_____                _____
                                          HON. BETH LABSON FREEMAN
                                        UNITED STATES DISTRICT JUDGE