# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CLEAR-VIEW TECHNOLOGIES, INC., Plaintiff, v. JOHN H. RASNICK, et al., Defendants. | Case No. 13-cv-02744-BLF <br><br> **ORDER CONDITIONALLY GRANTING MOTION FOR ORDER PERMITTING WITHDRAWAL OF PLAINTIFF'S COUNSEL** <br><br> [Re: ECF 266] |

Colt / Singer / Bea LLP (CSB), counsel for Plaintiff Clear View Technologies, Inc. (CVT) moves the Court for an order permitting it to withdraw as counsel for CVT. This motion comes on the heels of a jury verdict after a two-week trial. The Court entered judgment on June 18, 2015, *see* ECF 261, and post-trial briefs on a myriad of issues are due within a few days. As of the date of the hearing on the motion to withdraw as counsel, all deadlines had been met.

Relying on Civil Local Rule 11-5 and the California Rule of Professional Conduct 3-700, CSB submits that there has been a complete break-down in the attorney-client relationship and that it is unable to work with co-counsel Gerald D. W. North. CVT opposes the motion, claiming that it has been unable to find replacement local counsel to assist Mr. North, who is appearing *pro hac vice*, as required by Civil Local Rule 11-3(a)(3). CVT further argues that CSB's request to withdraw is occasioned by its own misconduct. The substance of those claims has been more than adequately set forth in the papers and at the hearing held on July 9, 2015. Suffice it to say, CVT makes serious claims about co-counsel Doug Colt's conduct at trial that CVT believes was the reason it was not successful on its primary claims. CVT further argues that CSB has failed and refused to assist in the preparation of post-trial motions. CSB vigorously denies these charges and argues that the fact that CVT is levelling such charges at it is sufficient reason for the Court to

approve its withdrawal. Defendants have advised the Court that they have no position on the motion and their concerns are limited to an expeditious resolution of the post-trial matters.

Based on the evidence submitted to the Court and the comments of counsel at the hearing, the Court is satisfied that CSB has demonstrated that it is unable to work with co-counsel Mr. North such that the best interests of the client will be served by withdrawal. Further, there appears to have been a complete break-down in the attorney-client relationship.

Of additional concern to the Court, is the protection of CVT's right to be able to meet the mandatory deadline for filing its post-trial motion for new trial that Mr. North has made clear CVT intends to file. Upon inquiry at the hearing, Mr. North confirmed that CVT does not require the assistance of CSB to prepare the post-trial submissions, but rather needs to maintain Mr. North's ability to act as counsel *pro hac vice*. Based upon that representation, IT IS HEREBY ORDERED that the Court conditionally GRANTS CSB's Motion for Order Permitting Withdrawal of Plaintiff's Counsel and requires that CSB continue to fulfill its obligations under Local Rule 11-3(a)(3) for a period of 60 days, until September 9, 2015. Insofar as CSB will have no role in the strategy or preparation of any papers on CVT's behalf, Mr. North shall note on all papers filed under CSB's name that CSB is appearing solely under the provisions of Local Rule 11-3(a)(3). In the event that CVT is unable to retain new local counsel by September 9, 2015, it may request an extension of this Order upon a showing of good cause and diligence.

Dated: July 10, 2015

_____
BETH LABSON FREEMAN
United States District Judge